450 So.2d 706 (1984)
Lula C. EVANS, Individually and on Behalf of her Minor Child, Nicky Craft
v.
Joean H. SALTER.
Joean G. SALTER, Individually and as the Representative of Her Minor Daughter, Tammy Salter
v.
Lula C. EVANS and the City of New Orleans and the Louisiana Department of Highways.
Nos. CA-0040, CA-0041.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
*707 Thomas E. Dunn, Ungar, Jacobs, Manuel & Kain, New Orleans, for appellee, Lula C. Evans, individually and on behalf of her minor child, Nicky Craft.
Samuel R. Exnicios, Gerald A. Stewart, New Orleans, for appellees Joean G. Salter and Tammy Salter Borden.
Marshall W. Wroten, Harvey Lee Hall, Frank A. Betanski, Jr., Robert T. Talley, Baton Rouge, for appellant Dept. of Transp. and Development.
Before SCHOTT, LOBRANO and AUGUSTINE, JJ.
LOBRANO, Judge.
On June 28, 1977, Lula C. Evans was proceeding southbound on Behrman Place. Joean Salter was proceeding southbound on Holiday Drive when she turned right across the path of the Evans vehicle wherein a collision occurred. Both Behrman Place and Holiday Drive are southbound traffic streets that merge into a single southbound street shortly after being crossed perpendicularly by Rhine Street, a two way street. This collision resulted in the following described lawsuits.
In suit No. 78-4806, Lula C. Evans, individually and on behalf of her minor son, Nicky Craft, sued Joean Salter alleging negligence on her part. Evans additionally sued the City of New Orleans and the Louisiana Department of Highways, charging each with the defective design and/or maintenance of the Rhine Street intersection. The City of New Orleans third partied *708 Joean Salter for negligence and the Louisiana Department of Transportation and Development for maintaining and/or designing a dangerous intersection and in failing to repair and/or otherwise correct a situation which it knew or should have known constituted a hazard to the motoring public. After service of that third party demand by the City of New Orleans, the Louisiana Department of Transportation and Development then filed a third party demand against Lula C. Evans, Joean Salter and the City of New Orleans.
In suit No. 78-5620, Joean Salter, individually and as the representative of her minor daughter, Tammy Salter, filed a damage suit against Lula C. Evans, the City of New Orleans, and the Louisiana Department of Highways. The City of New Orleans then third partied Lula C. Evans and the Louisiana Department of Transportation and Development. The Louisiana Department of Transportation and Development third partied Lula C. Evans and the City of New Orleans.
Both suits were consolidated for trial and were heard on May 14, 1980 and June 25, 1980. The trial court gave judgment in suit No. 78-4806 in favor of Lula C. Evans, individually and as the natural tutrix of Nicky Craft and against Mrs. Joean Salter and the Louisiana Department of Transportation and Development in solido, for a total of $3,716.39. The third party demand of the Department of Transportation and Development was dismissed with prejudice as to the City of New Orleans and granted against Joean Salter, awarding it one-half of any sums it pays in satisfaction of this judgment. The third party demand of the City of New Orleans was dismissed.
In suit 78-5620 the trial court found in favor of Tammy Salter Borden (a major at the time of trial) and against the Louisiana Department of Transportation and Development only, in the sum of $3,500.00 general damages and $165.00 medical expenses, with interest from judicial demand. From these judgments, the Louisiana Department of Transportation and Development (appellant) appeals, alleging the following errors:
1) the trial court erred in finding that the Louisiana Department of Transportation and Development exceeded a reasonable time between notice of the defect and the remedying of that defect and;
2) that the court erred in not finding that the negligence of Joean Salter suffices as a defense to strict liability under La.C.C. Art. 2317 and as such should have allowed the State to escape liability.
Joean Salter appeals alleging that she should not have been cast for one-half of the judgment in the first suit along with the State because she was lured into a "trap" by a defectively designed and/or maintained intersection, and that the trial court erred in not finding the Department of Transportation strictly liable.
We disagree with the arguments of both, and affirm the lower court's decision.
At the outset we point out that this matter was heard by this Court on November 9, 1982. After review of the record it became apparent that much of the testimony was not included. Of particular import was the absence of the testimony of the two adverse drivers. We remanded to the lower court for correction of the record in accordance with La.C.C.Pro. Art. 2132. The record was then returned to this Court in the latter part of July, 1983 wherein the Court was advised that the Court reporter's notes were lost, and that the reporter was not available. We then remanded again for the retaking of the testimony of the adverse drivers. We now have that testimony before us.
The trial judge correctly determined that Mrs. Salter was guilty of negligence in turning her vehicle into the path of the Evans vehicle which had the right of way. In response to a question concerning whether or not she was able to see Behrman Place from Holiday Drive, Mrs. Salter quite candidly answered, "No, I didn't realize the street was there." If Mrs. Salter *709 would have exercised ordinary care she would have seen the Evans vehicle.[1] Thus, there is clear liability on the part of Mrs. Salter. No evidence was presented to show any contributory negligence on the part of Lula Evans. Her testimony is clear that there were no warning signs on Behrman Place to impede her progress at the Rhine intersection. She did not have time to do anything prior to the collision.
Both drivers maintained that the intersection was defectively designed thus contributing to the hazard which caused the accident. The City and State engineers who testified admitted the intersection has serious "problems" which required correction. This was substantiated by the fact that in 1977, 34 accidents occurred at this intersection, 24 of which were right angle collisions such as the instant case.
Appellant asserts that the City of New Orleans was responsible for the defective design of the intersection as well as for the failure to correct the defect. Holiday Drive and Behrman Place, although originally constructed by the City of New Orleans, at the time of the accident were part of the State highway system and corrective measures recommended by the City were the responsibility of the State. The City, though charged by contract with maintenance of the highways, could in no event undertake the alterations required without State approval. Boyd Gautreaux, an expert in traffic engineering employed by the Department of Transportation for the State of Louisiana, testified that his department received letters from Blaise Carriere, on behalf of the City of New Orleans, dated October 1, 1976 and October 6, 1976 calling attention to the large number of accidents at the intersection and requesting the State to Construct a median opening to permit traffic to take other routes and reduce the points of vehicle conflict at the intersection. Attached to the letters were collision diagrams of accidents occurring from January, 1975 to December, 1975. Mr. Gautreaux further testified that he inspected the intersection in October, 1976 and found it to be an "unusual" intersection. He then placed it on the State's list for future study.
The defect involves Holiday Drive at Rhine Street. A vehicle turning right from Holiday Drive onto Rhine Street (the turn Mrs. Salter was making at the time of the accident) would protrude into Behrman Place causing a conflict point. There was no traffic control on Rhine to warn motorists of traffic approaching from Behrman. Mr. Gautreaux admitted that if the State Department of Highways felt it necessary, it could have installed signs at the intersection before this accident. He further admitted that temporary controls are inexpensive and can be installed immediately. No control devices, even of a temporary nature, were ever put at the intersection. As stated by the trial judge in his reasons for judgment, this intersection is part of the State Highway System and the corrective measures recommended by the City were the responsibility of the State. The City could not undertake to erect signs or correct the dangerous problem without permission from the State.
Appellant argues it had insufficient time to respond to the problem prior to the accident. The law is settled that the Department of Highways is not responsible for every accident which may occur on the state highways, and for liability to arise because of an unsafe or hazardous condition it must be shown that the Highway Department had prior notice and sufficient opportunity to remedy the situation. U.S.F. & G. v. State Department of Highways, 339 So.2d 780 (La.1976). We agree with the trial judge that the State had sufficient notice to remedy the defect. Mr. Gautreaux visited the intersection in October, 1976, and not even inexpensive temporary measures were undertaken. The *710 State was put on notice of the need for corrective measures at least nine months prior to the accident and did nothing. The motoring public need not wait that long to drive upon reasonably safe highways.
Appellant further asserts that because the trial court found it liable under the theory of strict liability (La.C.C. Art. 2317), the negligence of Mrs. Salter (a third party) serves to extricate the State from liability. Appellant's interpretation of the lower court judgment is incorrect. Nowhere in the trial judge's reasons for judgment is there any finding against the State based on a strict liability theory. The trial court stated clearly, "Though one might argue that Salter's negligence insulated the State's fault as a proximate cause, I perceive their respective derelictions as concurrent causes." Clearly, the trial judge found that both the negligence of Mrs. Salter to keep a proper lookout as well as the negligence of the State to timely remedy the defect contributed to the accident.
Appellant would have this Court change the lower Court's theory of liability from one of negligence to strict liability so that it may interpose the defense of third party negligence. See, Loescher v. Parr, 324 So.2d 441 (La.1975). However ingenious this argument might be, we disagree for two reasons. First, as previously stated appellant was found negligent in failing to remedy the situation. Second, third party negligence will absolve one from strict liability only if it is the sole cause of the injury. Third party negligence is not an automatic absolution from strict liability. Certainly, it can be a concurrent cause of the injury.
For the above and foregoing reasons, the judgment of the lower court is affirmed. Appellant to pay all costs.
AFFIRMED.
NOTES
[1] The lower court's reasons for judgment make it clear that "Mrs. Salter was bound to see that a right turn on Rhine Street would project her into Behrman Place. There was nothing to obstruct her view of the Evans vehicle and the exercise of ordinary care would have alerted her to the danger of proceeding across Behrman".